IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TERRY EUGENE LANE, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-00437-CV-JAM ) |
| CITY OF LEE'S SUMMIT, | ) ) |
|     Defendant. | ) ) |

## ORDER

Before the Court is Defendant's Motion for a More Definite Statement. Doc. 5. Defendant claims that Plaintiff's Complaint includes a confusing, three-page narrative with various allegations concerning the City's animal code, events in Municipal Court, and mention of a self-executing contract. Defendant argues that some of the events described occurred outside of the applicable statute of limitations, and that other allegations fail to provide a basis for recovery under applicable statutes. Defendant argues that Plaintiff's Complaint is so vague and ambiguous that it cannot prepare a response. Plaintiff's response to the motion was due October 15, 2021, but no such filing has been made to date.

Plaintiff, who appears *pro se*, filed a form complaint checking various boxes and providing descriptions as prompted, and Plaintiff attached a lengthy, three-page narrative with a purported self-executing contract as an exhibit. Doc. 1. Where Plaintiff was required to set forth the specific statutes, treaties, or constitutional provisions at issue in this case, Plaintiff provided a list of at least twelve statutes or federal regulations without additional comment. The narrative itself

1

sets forth allegations stretching back years including various interactions with animal control officers, a city prosecutor, and at least two appearances before a municipal judge. His demand for relief in the subject Complaint requests $8,312,584.00.

Federal Rule of Civil Procedure 8(a), states, in pertinent part, that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement of the claims showing that the pleader is entitled to relief," and a "demand for the relief sought." Rule 8(d)(1) states that each allegation must be "simple, concise, and direct." Pro se complaints are "construed liberally," but "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted).

If a "pleading to which a responsive pleading is allowed…is so vague or ambiguous that the party cannot reasonably prepare a response," a party may request a more definite statement of fact. Fed. R. Civ. P. 12(e). Rule 12(e) "is designed to strike at unintelligibility rather than want of detail." *Flentye v. Kathrein,* 485 F.Supp.2d 903, 911 (N.D. Ill. 2007) (citations omitted). "If the pleading meets the requirements of Rule 8 and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement should not be granted." *Id.* (citations omitted).

Plaintiff's Complaint here is detailed, and in certain respects, it complies with the standards of Rule 8. Although the statement of facts is difficult to follow and does not meet the "short and plain" or "concise and direct" requirements of Rule 8(a) and (d), it could be liberally construed as alleging ongoing harassment by Defendant regarding Plaintiff's dogs. The demand

2

for relief is a clearly stated dollar amount.

The issues lies with satisfying Rule 8 as to jurisdiction. Plaintiff's citation in section II at page 3 of the Complaint of at least a dozen federal statutes and regulations is insufficient to establish this Court's jurisdiction. This deficiency also limits Defendant's ability to intelligently respond to the Complaint in numerous respects. At various points the citations are incomplete, for example, by citing a section without first specifying the title of the U.S. Code. At other points, Plaintiff cites sections of the criminal code which do not provide jurisdiction for civil suits. Elsewhere there are citations to federal regulations not obviously related to statutes providing a basis for civil suits. While the pleading standards are not intended to be onerous on plaintiffs, defendants and courts are not required to scour the federal code to locate applicable statutes and jurisdictional bases that a plaintiff may or may not be invoking. Plaintiff, therefore, must clearly identify a federal statute or other appropriate legal authority that supports the legal claim or claims giving rise to this suit.

Accordingly, because Plaintiff's Complaint does not comply with Rule 8(a), it is

ORDERED that Defendant's Motion for a More Definite Statement (Doc. 5) is GRANTED. Pursuant to Federal Rule of Civil Procedure 12(e), Plaintiff Terry Lane shall provide a more definite statement of the legal claim or claims, including the grounds for this Court's jurisdiction, within fourteen (14) days of this Order. Failure to timely respond may result in the pleading being struck or dismissal of this case if deemed appropriate.

Date: November 15, 2021             */s/ Jill A. Morris*
                                                         JILL A. MORRIS
                                   UNITED STATES MAGISTRATE JUDGE